IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PEGGY TODD                                                          PLAINTIFF

V.                                              CIVIL CAUSE NO. 1:25-cv-43-DAS

SHOE SHOW, INC.                                                    DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is Defendant Shoe Show, Inc.'s Motion for Summary Judgment [34]. Having considered the motion, the response, the reply, the record, and the applicable law, the Court concludes that the motion should be granted.

I. FACTUAL BACKGROUND

This premises-liability action arises from a fall that occurred on March 28, 2022, at a Shoe Department store in Amory, Mississippi. Plaintiff Peggy Todd was a frequent customer of the store and was familiar with its layout. On the day in question, Todd walked through a center aisle where she observed numerous shoeboxes stacked throughout the aisle. Todd testified that she successfully navigated the aisle and did not trip over any of the boxes located in it.

At the end of the aisle was a large, orange ottoman. Todd testified that she had seen the ottoman on prior visits to the store and that she observed it on the day of the incident. She further testified that she observed a stack of shoeboxes adjacent to the ottoman. According to Todd, she believed there was sufficient room to pass between the ottoman and the shoeboxes. Indeed, she testified that she "knew" she could get through the space and acknowledged that there was enough room to do so. Todd nevertheless tripped and fell. She testified that her foot got caught underneath the ottoman. No witness observed the fall. Todd filed this action asserting negligence and premises-liability claims against Shoe Show.

II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). Where a plaintiff fails to establish the existence of an essential element on which she bears the burden of proof at trial, summary judgment is required. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

III. DISCUSSION

Under Mississippi law, a business owner owes an invitee a duty to exercise reasonable care to keep the premises in a reasonably safe condition. *McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (Miss. Ct. App. 2012). The parties do not dispute that Todd was a business invitee. To prevail on her premises-liability claim, Todd must establish either (1) that Shoe Show negligently created a dangerous condition, (2) that Shoe Show had actual knowledge of a dangerous condition and failed to warn of it, or (3) that the condition existed for a sufficient period of time to impute constructive knowledge to Shoe Show. *See Keister ex rel. Estate of Orr v. Dolgencorp, L.L.C.*, 139 F.4th 449, 452 (5th Cir. 2025).

A. Dangerous Condition

In her response, Todd clarifies that she does not contend the shoeboxes located throughout the aisle caused her fall. Instead, she identifies the allegedly dangerous condition as the placement of the ottoman near the end of the aisle and the resulting passageway between the ottoman and nearby shoeboxes. The Court assumes, without deciding, that a reasonable jury

could conclude that the configuration described by Todd constituted a dangerous condition. The Court need not definitively resolve that question because Todd's claim fails for a more fundamental reason: she has not produced evidence satisfying any of Mississippi's recognized premises-liability theories. Accordingly, the Court proceeds to those issues.

B. Negligent Creation of the Condition

Todd argues that Shoe Show created the dangerous condition because the shoeboxes appeared to be recently delivered stock that had not yet been shelved. The record, however, contains no evidence identifying who placed the shoeboxes adjacent to the ottoman or when they were placed there. Todd expressly testified that she had "no idea" who placed the boxes and did not know how long they had been present. Todd relies largely upon what she characterizes as "logic and common sense" to infer that Shoe Show employees must have created the condition. But speculation is not competent summary-judgment evidence. *See In re Louisiana Crawfish Producers*, 852 F.3d 456, 464 n.9 (5th Cir. 2017).

Nor does *Keckley v. Estes Equipment Co., Inc.*, 276 So. 3d 1230 (Miss. Ct. App. 2018), aid Todd. In *Keckley*, there was evidence the defendant's agent installed the caution tape that caused the plaintiff's injury. Here, no comparable evidence links Shoe Show employees to the arrangement of the ottoman and shoeboxes that Todd identifies as dangerous. Because Todd has produced no evidence from which a reasonable jury could conclude that Shoe Show created the specific condition at issue, she cannot proceed under a negligent-creation theory.

C. Actual Knowledge

Todd likewise fails to produce evidence establishing Shoe Show's actual knowledge of the alleged condition. Todd identifies no testimony, document, admission, or other evidence demonstrating that Shoe Show knew of the placement of the shoeboxes adjacent to the ottoman.

Indeed, Todd's response does not meaningfully address Shoe Show's actual-knowledge argument. The absence of evidence on this element precludes recovery under that theory.

D. Constructive Knowledge

Todd also fails in her constructive knowledge argument. Mississippi law requires a plaintiff relying on constructive notice to produce evidence concerning the length of time the hazard existed before the accident. *Anderson v. SW Gaming LLC*, 387 So. 3d 99, 107 (Miss. Ct. App. 2024). The Court may "indulge no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period." *Id*. (quoting *Cotton v. Fred's Stores of Tenn., Inc.* 122 So. 3d 140, 143 (Miss. Ct. App. 2013)).

Todd offers no evidence concerning how long the shoeboxes adjacent to the ottoman were present. Rather, she testified that she did not know who placed them there and did not know how long they had been there. Although Todd argues the quantity of merchandise permits an inference that the condition existed for a substantial period of time, attorney argument is not evidence. The record contains no admissible proof from which a jury could determine the duration of the alleged hazard. Accordingly, Todd cannot establish constructive notice.

E. Causation

The Court further concludes that Todd has failed to produce competent evidence sufficient to create a genuine issue of material fact regarding medical causation. Mississippi law generally requires expert testimony to establish medical causation except in simple cases where causation is readily apparent to a lay jury. *Stone v. Kroger Ltd. Partnership I*, 2018 WL 493480, at *3 (N.D. Miss. Jan. 19, 2018), aff'd, 736 F. App'x 513 (5th Cir. 2018).

Here, Shoe Show has presented expert testimony from Dr. Lawrence Line opining that Todd's alleged injuries were attributable to preexisting conditions rather than the incident at

issue. Once Shoe Show raised and supported the issue of causation, Todd was required to come forward with evidence establishing that, in reasonable medical probability, the fall caused her claimed injuries. *Patterson v. RadioShack Corp.*, 268 F. App'x 298, 302 (5th Cir. 2008). Todd has disclosed no medical expert and has identified no expert opinion linking her alleged injuries to the fall. While medical records reflect that Todd reported a fall and subsequently sought treatment, such records do not constitute expert testimony establishing that the incident more likely than not caused the injuries for which damages are sought. Accordingly, Todd has failed to create a triable issue regarding causation.

IV. CONCLUSION

The Court concludes that Todd has failed to produce evidence sufficient to create a genuine issue of material fact on essential elements of her premises-liability claim. Specifically, she has not produced evidence that Shoe Show created the alleged dangerous condition, possessed actual knowledge of it, or had constructive knowledge of it. Nor has she presented competent evidence sufficient to establish medical causation. Because Todd cannot establish elements essential to her claim, Shoe Show is entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED that Defendant Shoe Show, Inc.'s Motion for Summary Judgment is **GRANTED** and all claims asserted by Plaintiff Peggy Todd against Defendant Shoe Show, Inc. are **DISMISSED WITH PREJUDICE.**

An order in accordance with this opinion shall issue this day.

SO ORDERED, this the 11th day of June, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE